**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth Michael Winters, et al., | No. CV-21-00515-TUC-JGZ |
| Appellants, | **ORDER** |
| v. | |
| Metric Roofing Incorporated, | |
| Appellee. | |

Debtors Seth and Genevieve Winters appeal the decision of the U.S. Bankruptcy Court interpreting the stipulation between Debtors and Creditor Metric Roofing Inc. and the related judgment. (Doc. 10.) This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(c)(1)(B). Having reviewed the record, the Court will reverse the bankruptcy court decision and remand for further proceedings consistent with this order.

**I.    BACKGROUND**

In April 2013, Metric filed a lawsuit against Debtors in state court, asserting claims of breach of fiduciary duty, tortious interference with business relations, unfair competition, defamation, and conversion. (Doc. 17-1 at 12-17.)[1] In September 2015, a jury rendered a verdict in favor of Metric, and the state court entered judgment against Debtors in the amount of $536,117, which included $350,000 in punitive damages, with interest accruing at a rate of 4.25% annum. (*Id.* at 23-25.)

In November 2015, Debtors filed a voluntary petition for Chapter 13 bankruptcy.

---

[1] The citations to the record correspond to this Court's ECF docket and page numbers, which appear on the top of the page of the cited documents.

(*Id.* at 27-29.) Metric filed a proof of claim for the full amount of the state court judgment, and an adversary complaint, asserting that the full amount of the state court judgment was nondischargeable pursuant to 11 U.S.C. § 523(a)(4) ("fraud or defalcation while acting in fiduciary capacity, embezzlement, or larceny") and § 523(a)(6) ("willful and malicious injury by the debtor to another entity or to the property of another entity"). (*Id.* at 31, 36.)

A year later, while cross-motions for summary judgment were pending, the parties participated in settlement negotiations. (Doc. 16 at 8.) The negotiations were fruitful and, on November 8, 2016, the parties filed a stipulation setting forth the terms of their agreement. (*Id.*) In the language essential to the resolution of this dispute, the parties stipulated that $211,422.45 of the state court judgment would be subject to discharge and $319,827.55 would be nondischargeable "*under 11 U.S.C. § 523(a)(6).*" (Doc. 17-1 at 70 (emphasis added).) The parties further agreed:

> Plaintiff [Metric] and Defendants [Debtors] will submit a Judgment to the Bankruptcy Court upon this Adversary, determining and declaring that the amount of $319,827.55 of the Superior Court Judgment is not dischargeable *under 11 U.S.C. § 523(a)(6),* and that the Defendants' discharge is excepted for that amount upon Plaintiff's Superior Court Judgment; and that the other $211,422.45 of that Superior Court Judgment is eligible for discharge in this bankruptcy, and shall not be recoverable by Plaintiff in the event of entry of discharge.

(*Id.* at 71 (emphasis added).) The references to § 523(a)(6) were added in a final draft of the agreement. (Doc. 12 at 268-71.)

The bankruptcy court approved the stipulation, (*id.* at 203-204), and the Plan was confirmed. (Doc. 11 at 112.) The Order confirming the Plan similarly stated that Metric's Civil Judgment was "excepted from discharge *pursuant to 11 U.S.C. § 523(a)(6),* in the amount of $319,827.55 with interest as approved in the Judgment; and the balance of the Superior Court Judgment, in the amount of $211,422.45, shall be and hereby is subject to discharge." (*Id.* at 114-15 (emphasis added).) The Confirmation Order also stated: "[a]ll other claims shall be classified as unsecured and non-priority . . . and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C.

§ 1328." (*Id*. at 115.) Under this Bankruptcy Code provision, which is known as the Chapter 13 "Super Discharge," § 523(a)(6) debts can be discharged but only upon a debtor's completion of all payments required by the debtor's Chapter 13 Plan. *See* 11 U.S.C. § 1328(a).

Debtors made all of their Chapter 13 payments, including payments of approximately $16,000 to Metric. (*Id.* at 128, 125.) On January 7, 2021, upon completion of the Plan, the bankruptcy court granted Debtors a super discharge under 11 U.S.C. § 1328(a). (*Id.* at 133-34.)

On March 22, 2021, Metric filed an Application for Writ of Garnishment (Earnings) to collect on its $319,827.55 claim. (Doc. 17-2 at 26.) Debtors filed a Motion for Contempt, asserting that Metric's claim had been discharged. (*Id.* at 4-8.) After investigating, Metric quashed the Writ of Garnishment. (*Id.* at 27.) In its Opposition to the Motion for Contempt, Metric explained that counsel for Metric did not intentionally violate the discharge order. (*Id.* at 16.) Rather, counsel did not understand that the § 523(a)(6) debts could be discharged in the Chapter 13 case. (*Id.*) Metric suggested that Debtors' counsel was at fault for this misunderstanding, because counsel "waited more than four years after the parties entered into the Stipulated Judgment . . . to inform [Metric's counsel] for the first time that debts classified under 11 U.S.C. § 523(a)(6) are supposedly dischargeable under 11 U.S.C. § 1328(a)." (*Id.* at 26.)

Debtors subsequently withdrew their contempt motion, and Metric filed an Ex Parte Motion to Reopen the Adversary Proceeding so that it could file a Rule 60 Motion for Relief from Judgment (the stipulation), based on lack of subject matter jurisdiction and manifest injustice. (*Id.* at 43, 48.) At a hearing on the Motion for Relief, counsel for Metric acknowledged that it should have known that the debt would be partially dischargeable under § 523(a)(6) in a Chapter 13 proceeding; however counsel also suggested that Debtors' counsel was "clearly potentially hiding the ball in some degree." (Doc. 17-3 at 7.) The bankruptcy judge asked whether Metric's counsel intended, in the stipulation, to make a portion of the state court judgment nondischargeable even if the Debtors confirmed

their Plan and completed their Plan payment. (*Id.*) The bankruptcy court faulted Debtors' counsel for not explicitly stating its "secret intent" to have the debt discharged upon completion of Plan payments, concluding Debtors' counsel had an ethical duty to advise Metric's counsel of the effect of the stipulation. (*Id.* at 18.)

The bankruptcy court did not rule on the arguments set forth in the Motion to Reopen Adversary Proceeding, concluding instead that the issues could be resolved by interpreting the stipulation. (*Id.* at 20.) In its interpretation of the stipulation, the bankruptcy court found that Metric likely did not "appreciate[] the effect" of the words "pursuant to 11 U.S.C. § 523(a)(6)." (*Id.* at 12-13.) Therefore, the bankruptcy court concluded that the phrase "pursuant to 11 U.S.C. § 523(a)(6)" simply identified the section relevant to the claim and the stipulation "expressly constitute[d]" a waiver of the super discharge. (*Id.* at 36-38.) Finally, the bankruptcy court noted that Metric "would have gained nothing if the stipulation was interpreted as Debtors now suggest." (*Id.* at 35, 37.)

Debtors subsequently appealed. (Doc. 1.)

## II.   STANDARD OF REVIEW

The bankruptcy court's decision was based on its analysis of the terms of the stipulation, and its decision rested on its application of contract principles. (Doc. 17-3 at 34-38.) Accordingly, the Court reviews the bankruptcy court's decision de novo. *See Miller v. Safeco Title Ins.*, 758 F.2d 364, 367 (9th Cir. 1985) ("When the [] court's decision is based on an analysis of the contractual language and an application of the principles of contract interpretation, that decision is a matter of law and reviewed de novo.")[2]

## III.   DISCUSSION

Debtors argue that the bankruptcy court erred in its interpretation of the stipulation. Debtors assert that the bankruptcy court, to prevent what it deemed a harsh result to Metric, expanded the stipulation beyond its clear meaning and reimagined the contract as a waiver of discharge under 11 U.S.C. § 1328(a). (Doc. 10 at 9-10.) In addition, Debtors argue that contrary to contract interpretation law, the bankruptcy court gave no effect to the phrase

---

[2] The parties agree on the standards of review and the Arizona contract law that applies. (Doc. 10 at 4, 7-9; Doc. 16 at 5, 16-18.)

- 4 -

"under 11 U.S.C. § 523(a)(6)." (*Id*. at 4-5, 8.) According to Debtors, given the clear language of the stipulation, the bankruptcy court should not have inquired into the adequacy of the consideration for the stipulation or the harsh effect of the stipulation on Metric. (*Id.* at 8-9.) Moreover, because Debtors paid Metric approximately $16,000 during the Chapter 13 Plan, Debtors assert that the bankruptcy court was wrong in concluding that Metric gained nothing from the stipulation. (*Id.*)

### A. Arizona Contract Law

"Interpretation of a contract is a question of law for the court where the terms of a contract are found to be plain and unambiguous." *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 855 P.2d 787, 791 (Ariz. Ct. App. 1993). In addition, "whether contract language is reasonably susceptible to more than one interpretation so that extrinsic evidence is admissible is a question of law for the court." *Taylor v. State Farm. Mut. Auto. Ins.*, 854 P.2d 1134, 1144-45 (Ariz. 1993). "The purpose of contract interpretation is to determine the parties' intent and enforce that intent." *Grosvenor Holdings, L.C. v. Figueroa*, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009). "In order to determine what the parties intended, [this Court] first consider[s] the plain meaning of the words in the context of the contract as a whole." *Id.* "A contract must be construed so that every part is given effect, and each section of an agreement must be read in relation to each other to bring harmony, if possible, between all parts of the writing." *Chandler Med. Bldg. Partners*, 855 P.2d at 791. "If the contractual language is clear, [this Court] will afford it its plain and ordinary meaning and apply it as written." *Liberty Ins. Underwriters, Inc. v. Weitz Co., L.L.C.*, 158 P.3d 209, 212 (Ariz. Ct. App. 2007).

### B. Analysis

The stipulation's language is plain and unambiguous. It says: "$319,827.55 of the Superior Court Judgment is not dischargeable under 11 U.S.C. § 523(a)(6)." (Doc. 12 at 198.) In its adversary complaint, Metric had asserted both § 523(a)(4) and § 523(a)(6) as bases for excluding the state court judgment from discharge. (Doc. 17-1 at 36.) In the stipulation, the parties elected to categorize the $319,827.55 as nondischargeable pursuant

to § 523(a)(6) only. (Doc. 12 at 198.) There is no ambiguity about that choice. The clear language shows that the parties intended that $319,827.55 would not be dischargeable specifically because it was the kind of debt described in 11 U.S.C. § 523(a)(6).

The parties' agreement to add the reference to § 523(a)(6) was significant, and resulted in a potentially different treatment of the $319,827.55, through application of Bankruptcy Code section 1328(a). Metric's counsel's lack of understanding of the full significance of designating the debt nondischargeable under § 523(a)(6), does not, however, create an ambiguity, and Metric does not argue otherwise. As Metric's counsel concedes, counsel is charged with knowing the law and therefore knowing that the agreement to discharge the debt pursuant to § 523(a)(6) meant that the claim could be discharged under § 1328's super discharge provision if the conditions of that section were satisfied.[3] (Doc. 17-2 at 16; Doc. 17-3 at 7.) If the parties had agreed that the debt was nondischargeable as a § 523(a)(4) debt, Debtors would have been obligated to pay the debt despite entry of a discharge order.

In reading the phrase "under 11 U.S.C. § 523(a)(6)" as "simply identif[ying] the code section relevant to the claim being excepted from the effect of the super discharge," (Doc. 17-3 at 37-38), the bankruptcy court did not give the phrase its full effect. Moreover, the court re-wrote the terms of the parties' agreement to provide a waiver of the super discharge. There is no language in the four corners of the agreement which supports the conclusion that the parties intended to waive the application of the § 1328 super discharge. If the parties intended to waive the super discharge provision, they could have included language to do so. Moreover, because the language of the stipulation is clear, neither the adequacy of the consideration underlying the stipulation, nor the benefits received by Metric, are relevant considerations in interpreting the terms of the stipulation. *See Liberty Ins. Underwriters, Inc.*, 158 P.3d at 212 (noting courts must apply the clear language of the

---

[3] Debtors' counsel was not ethically obligated to inform Metric's counsel of the applicable law or how the law could apply to the parties' agreement.

contract as written).[4]

Interpreting the contract to give full effect to the phrase "under 11 U.S.C. § 523(a)(6)" also brings harmony to the stipulation as a whole. The stipulation separated the nondischargeable and dischargeable portions of the state court judgment. (Doc. 12 at 198.) Although both portions were ultimately discharged to some extent, the § 523(a)(6) debt was nondischargeable unless and until Debtors completed their Plan payments. *See* 11 U.S.C. § 1328(a) (requiring completion of "all payments under the plan" in order to receive the super discharge).  If Debtors failed to satisfy those conditions necessary for a super discharge, the agreement clearly identified the portions of the state court judgment that would be dischargeable from those that would be nondischargeable under § 523(a)(6).

For the foregoing reasons, the Court will reverse the bankruptcy court's decision, and remand for further proceedings.

//
//
//
//
//
//
//
//
//
//
//
//

---

[4] Nonetheless, the Court notes that Metric did receive benefit from the stipulation, albeit not the full benefit it anticipated. In the stipulation Metric acknowledged that it was entering into the agreement to avoid "time-consuming" and "expensive" ligation. (Doc. 12 at 197.) And, because § 523(a)(6) debt can only be discharged in Chapter 13, Metric was also effectively guaranteed some payments under the Chapter 13 Plan and that Debtors would not convert the case to a Chapter 7 liquidation. Metric received payments totaling $16,627.47 over the course of the five-year Plan. (Doc. 10 at 9.)

## IV.    CONCLUSION

**IT IS ORDERED** that the bankruptcy court order (Doc. 17-2 at 118-19) is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the bankruptcy court for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court must close its file in this matter.

Dated this 14th day of July, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge